UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHILIP MICALIZZI,<br>    Plaintiff,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE<br>CO., ET AL.,<br>    Defendants. | CIVIL ACTION NO.<br>3:06cv59 (SRU) |

## RULING ON MOTION TO DISMISS

On February 17, 2004, Philip Micalizzi was arrested in his home in Trumbull, Connecticut pursuant to a capias issued by Judge Douglas C. Mintz of the Danbury Superior Court. The capias issued after the defendants, Nationwide Mutual Insurance Company ("Nationwide") and its attorney, Robert Henry, told the judge that Micalizzi had failed to appear at a deposition to which he had been subpoenaed. Micalizzi's complaint alleges that the defendants knowingly provided false information to Judge Mintz in order to have Micalizzi arrested. The complaint includes claims for abuse of process and false imprisonment. The defendants have moved to dismiss the false imprisonment claim. That motion is granted.

**I.    Background**

The complaint alleges the following facts. On February 17, 2004, Micalizzi, a self-employed neurologist, was arrested in his home pursuant to a capias issued by Judge Mintz of the Danbury Superior Court. Judge Mintz issued the capias on February 10, 2004, based on a representation by the defendants that Micalizzi had failed to appear at a deposition to which he had been subpoenaed. Micalizzi complains that the defendants knew at the time they made the representation that it was "wholly false and untrue." Compl. ¶ 5. Following his arrest, Micalizzi was taken to the Bridgeport Correctional Center, where he was held until his family was able to

post bail.

On January 11, 2005, Micalizzi filed a complaint in the Superior Court for the State of Connecticut, alleging abuse of process and false imprisonment. Defendants removed the case to this court. On May 30, 2006, both defendants moved to dismiss Count Two of Micalizzi's complaint, which alleges false imprisonment.

## II.     Standard of Review

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. Spalding*, 467 U.S. 69, 73 (1984). The function of a motion to dismiss is "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)). The motion must therefore be decided solely on the facts alleged. *See Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir. 1985).

When deciding a motion to dismiss for failure to state a claim on which relief can be granted, the court must accept the material facts alleged in the complaint as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiffs. *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996); *Staron v. McDonald's Corp.*, 51 F.3d 353, 355 (2d Cir. 1995); *Skeete v. IVF America, Inc.,* 972 F. Supp. 206, 207 (S.D.N.Y. 1997). The court "must not dismiss the action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994). The issue is not whether the plaintiff will prevail, but whether he should have the

opportunity to prove his claims. *See Conley v. Gibson*, 355 U.S. 41, 45 (1957).

**III.   Discussion**

The complaint fails to state a claim for false imprisonment.

False imprisonment is an intentional tort, the remedy for which at common law was an action for trespass. *Green v. Donroe*, 186 Conn. 265, 268 (1982). Under Connecticut law, false imprisonment is defined as "the unlawful restraint by one person of the physical liberty of another." *Id.* at 267. Thus, to prove false imprisonment, the plaintiff must show: (1) that his or her physical liberty has been restrained by the defendant, and (2) that the restraint was against his or her will. *Lo Sacco v. Young,* 20 Conn. App. 6, 19 (1989).

In their motion to dismiss, the defendants argue that because the capias was facially valid, they are shielded from liability for false imprisonment by the "facially valid warrant" test. That test was first set forth by the Connecticut Supreme Court in the case of *Luddington v. Peck*, 2 Conn. 700 (1818). In *Luddington*, the plaintiff sued for trespass after he was taken into custody under an alias execution, a writ. *Id.* Despite the fact that the basis of the execution was invalid, the Court held that, because the alias execution was facially valid, the plaintiff did not have a cause of action for false imprisonment. *Id.* Since *Luddington,* Connecticut courts have consistently upheld that principle. *See, e.g., Clewley v. Brown, Thomson, Inc.*, 120 Conn. 440 (1935); *McGann v. Allen,* 105 Conn. 177 (1926); *Lo Sacco*, 20 Conn. App. at 6. In sum, Connecticut courts have held that a cause of action for false imprisonment cannot lie when the plaintiff was arrested pursuant to facially valid legal process.

Micalizzi relies on one case, *Outlaw v. City of Meriden*, 43 Conn. App. 387, 393 (1996), to oppose the motion. In *Outlaw*, the Connecticut Appellate Court stated that a false arrest claim

may be based on a detention: (1) without process, (2) pursuant to process void on its face, or (3) pursuant to process valid on its face but procured by one without having any cause of action. *Id*. Micalizzi asserts that his complaint falls squarely into category three.

In reality, the holding in *Outlaw* supports defendants' argument. The *Outlaw* Court acknowledged that, since *Luddington*, "there is no cause of action for false imprisonment if the plaintiff was arrested pursuant to a facially valid warrant." 43 Conn. App. at 392. Indeed, the inquiry in *Outlaw* was "whether the subsequent police restraint of the plaintiff was done pursuant to an arrest warrant that was valid on its face." *Id.* at 393. Notwithstanding the dicta cited by Micalizzi, the *Outlaw* Court held: "The plaintiff was restrained pursuant to a valid arrest warrant issued by a court with jurisdiction over the matter. He was, therefore, lawfully restrained." *Id.* The same is true in this case. Accordingly, the motion to dismiss must be granted.

**IV.    Conclusion**

The defendants' motion to dismiss (**doc. #13**) is **GRANTED.** Count Two of the complaint is dismissed.

It is so ordered.

Dated at Bridgeport, Connecticut, this 22nd day of March 2007.

/s/ Ste<u>fan R. Underhill</u>
    Stefan R. Underhill
    United States District Judge