UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHILIP MICALIZZI, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06-cv-00059 (VLB) |
| NATIONWIDE MUTUAL INSURANCE | : | |
| COMPANY ET AL., | : | |
|     Defendants. | : | June 12, 2008 |

## MEMORANDUM OF DECISION
## ON MOTIONS FOR SUMMARY JUDGMENT [Docs. #37, 41]

Before the Court are cross motions for summary judgment filed by the plaintiff, Philip Micalizzi, and the defendants, Nationwide Mutual Insurance Company and Robert Henry. Micalizzi filed this action against Nationwide and Henry in Connecticut Superior Court, claiming abuse of process, false imprisonment, violation of 42 U.S.C. § 1983, and negligence. The defendants removed the case to federal court, and United States District Judge Stefan R. Underhill then granted their motion to dismiss Micalizzi's claim of false imprisonment. See Micalizzi v. Nationwide Mutual Ins. Co., Docket No. 3:06-cv-59, 2007 WL 879137 (D. Conn. Mar. 22, 2007). After the case was transferred to this Court, the parties filed cross motions for summary judgment. For the reasons given below, the defendants' motion is GRANTED only as to the § 1983 claim and the remaining claims are REMANDED to the Connecticut Superior Court for the Judicial District of Fairfield.

The following facts are relevant to the motions for summary judgment. Micalizzi, a neurologist, performed an independent medical examination on a

personal injury plaintiff in 2003.  Henry, an attorney employed by Nationwide, represented the defendant in the personal injury case.  On January 9, 2004, Henry subpoenaed Micalizzi to appear at a deposition and to produce the records of the independent medical examination that he had performed.  Henry scheduled the deposition to take place at Micalizzi's office.  Along with the subpoena, Henry included a letter that read in relevant part:  "Although the attached Subpoena Duces Tecum calls for your attendance at a deposition on January 22, 2004, it will not be necessary for anyone to appear if you provide me with copies of the requested records before that date."  [Doc. #44, Ex. F]  Micalizzi did not provide the records to Henry, but he appeared at his own office on January 22, 2004 for the entire work day.  Neither Henry nor a court reporter appeared at Micalizzi's office to conduct a deposition or to receive the records.

On February 5, 2004, Micalizzi received a fax from Henry, which read in relevant part:  "You neither appeared for the deposition nor produced the requested records.  I have spoken to Judge [Douglas C.] Mintz at the Danbury Superior Court.  If you fail to respond a capias for Dr. Micalizzi will be issued by the Court.  Please call upon receipt to discuss this."  [Doc. #44, Ex. H]  Micalizzi did not contact Henry, but he asked his staff to determine whether he could properly disclose the records to Henry.  On February 10, 2004, Henry appeared before Judge Mintz and stated that "Dr. Micalizzi did not appear for the deposition.  He did not provide the records in lieu thereof."  [Doc. #44, Ex. I, p. 3]  Henry also informed Judge Mintz that he had sent a fax to Micalizzi warning him

that a capias would be issued. Judge Mintz then determined that the deposition subpoena had been properly served upon Micalizzi and that a capias could properly issue. Micalizzi was arrested on February 17, 2004 and turned over the medical records the next day.

The Court turns to the standard governing the motions for summary judgment. Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court "construe[s] the evidence in the light most favorable to the non-moving party and . . . draw[s] all reasonable inferences in its favor." Huminski v. Corsones, 396 F.3d 53, 69-70 (2d Cir. 2004). "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party, summary judgment must be denied." Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH, 446 F.3d 313, 315 (2d Cir. 2006). "The moving party bears the burden of showing that he or she is entitled to summary judgment." Huminski, 396 F.3d at 69.

In the present case, both parties move for summary judgment as to Micalizzi's § 1983 claim. Section 1983 "permits suit upon deprivation under color of any state statute, ordinance, regulation, custom or usage of one's life, liberty or property without due process of law. Section 1983 protects an individual's rights against governmental action, as distinct from private action, whether the government is state or municipal. As a corollary, individuals are also protected

against acts of private parties who act in concert with government officials." Dahlberg v. Becker, 748 F.2d 85, 88-89 (2d Cir. 1984). "[T]he conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State. . . . First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible. . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). "While private misuse of a state statute does not describe conduct that can be attributed to the State, the procedural scheme created by the statute obviously is the product of state action. This is subject to constitutional restraints and properly may be addressed in a § 1983 action, if the second element of the state-action requirement is met as well." Id. at 941.

As to the first element of the state action test, Micalizzi argues that the statute that authorized his arrest is unconstitutional. That statute, Conn. Gen. Stat. § 52-148e(e), provides in relevant part: "If any person to whom a lawful subpoena is issued under any provision of this section fails without just excuse to comply with any of its terms, the court . . . may issue a capias and cause him to be brought before such court . . . ." Micalizzi argues that § 52-148e(e) is unconstitutional because it does not provide for notice to be given to the person

against whom the capias is sought. The plain language of the statute, however, does contemplate such notice. In order to issue a capias, the court must find that a lawful subpoena was issued and that the person subpoenaed lacked a just excuse to comply with it. The court cannot make the second finding unless the person subpoenaed is put on notice that a capias is being sought. In the present case, both of those requirements were met. The process server testified that he had served the deposition subpoena upon Micalizzi, and Henry stated that he had sent Micalizzi a fax warning him that a capias would be sought. Therefore, Judge Mintz issued the capias. Although Micalizzi relies heavily on Connecticut v. Doehr, 501 U.S. 1 (1991), that case is clearly distinguishable because it involved the prejudgment attachment of real estate without any prior notice. In the present case, § 52-148e(e) operated so as to provide Micalizzi two notices, namely, the deposition subpoena and then Henry's notice that a capias would be sought.

As to the second element of the state action test, Nationwide and Henry may not fairly be said to be state actors. Nationwide is a private entity and Henry is a private individual. As an attorney, Henry is an officer of the court, but that does not make him a state actor. See, e.g., Polk County v. Dodson, 454 U.S. 312, 318 (1981). Although Nationwide and Henry may have improperly secured Micalizzi's capias, "private misuse of a state statute does not describe conduct that can be attributed to the State . . . ." Lugar, 457 U.S. at 941. Furthermore, Judge Mintz's role in issuing the capias does not qualify as joint action or significant aid under Lugar and Dahlberg. "[A] private party may be held a state

5

actor when the complained of conduct results from a state agent's encouragement or command, the state and private actor jointly participate in depriving plaintiff of his rights, the granting of benefits to a private actor by the state inseparably links them together, or the private actor undertakes to perform activities ordinarily exclusively engaged in by government." Dahlberg, 748 F.2d at 92.  There is no evidence in the present case upon which a reasonable jury could find that Judge Mintz encouraged or commanded the defendants' conduct, that he jointly participated in the conduct, or that he granted them benefits so as to become inseparably linked together with them.  Judge Mintz merely relied on Henry's statements as an officer of the court.  Micalizzi has accordingly failed to satisfy the two elements of the state action test, and the defendants are entitled to summary judgment on the § 1983 claim.

The defendants' motion for summary judgment [Doc. #41] is GRANTED only as to the § 1983 claim and the plaintiff's motion for summary judgment [Doc. #37] is DENIED.  Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the plaintiff's state law claims and REMANDS them to the Connecticut Superior Court for the Judicial District of Fairfield.  The Clerk is directed to CLOSE this case.

                      IT IS SO ORDERED.

                      /s/
                      Vanessa L. Bryant
                      United States District Judge

Dated at Hartford, Connecticut:  June 12, 2008.